IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

| | |
|---|---|
| ANGELA HOBSON, | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) Case No.: 2:15-cv-09181-DDC-TJJ |
| UNIVERSITY OF KANSAS HOSPITAL AUTHORITY, MARILEE CLITES & MICHELLE WILLIAMS, | ) ) ) ) ) |
| **Defendants.** | ) |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants University of Kansas Hospital Authority ("UKHA"), Marilee Clites ("Clites"), and Michele Williams ("Williams") (collectively "Defendants"), by and through their undersigned counsel, and for their Answer and Affirmative Defenses to Plaintiff's Petition, state and allege as follows:

1. Defendants admit that Plaintiff Angela Hobson ("Plaintiff") is an individual of African-American descent. Defendants are without sufficient knowledge or information to either admit or deny the remaining allegations contained in Paragraph 1 of the Petition and, therefore, deny the same.

2. Defendants admit that UKHA was Plaintiff's employer from on or about July 12, 2010 to on or about June 21, 2013.

3. Defendants admit the allegations contained in Paragraph 3 of the Petition.

4. Defendants admit the allegations contained in Paragraph 4 of the Petition.

5. Paragraph 5 of the Petition contains a jurisdictional statement and conclusion of law to which no answer is required. To the extent that an answer is required, Defendants admit that UKHA conducts business in Wyandotte County, Kansas and that jurisdiction is appropriate in the District of Kansas.

6. Paragraph 6 of the Petition contains a jurisdictional statement and conclusion of law to which no answer is required. To the extent that an answer is required, Defendants deny that any alleged wrongdoing occurred. Defendants admit that venue is appropriate in the District of Kansas.

## FACTS RELEVANT TO ALL COUNTS

7. Defendants admit that Plaintiff began her employment with UKHA as an Organ Transplant Nurse Coordinator in or about July 2010.

8. Defendants admit that eight months before her termination, Plaintiff complained that her manager would not tell her the name of a person who made a Patient Safety Net complaint about Plaintiff's negative comments concerning patients "dropping in." In that conversation, Plaintiff also said "it may almost be racial." Defendants deny the remaining allegations contained in Paragraph 8 of the Petition.

9. Defendants deny the allegations contained in Paragraph 9 of the Petition as written. Defendants admit that a coworker stated she thought she was treated differently because she is African-American. Defendants further state that after the investigation, Plaintiff stated she "already noticed a difference," thanked Williams for her assistance, and stated that the process was handled very professionally.

10. Defendants deny the allegations contained in Paragraph 10 of the Petition.

11. Defendants admit that Williams informed Plaintiff that, after investigation of Plaintiff's complaint, UKHA was unable to gather conclusive evidence in support of Plaintiff's complaint. Except as specifically admitted herein, Defendants deny the remaining allegations contained in Paragraph 11 of Plaintiff's Petition.

12. Defendants admit that, after UKHA was unable to gather conclusive evidence in support of Plaintiff's complaint, the investigation into Plaintiff's complaint was closed. Except

2

as specifically admitted herein, Defendants deny the allegations contained in Paragraph 12 of the Petition.

13.     Defendants admit that on or about March 15, 2013, Plaintiff was issued a written warning for reasons including, but not limited to: 1) three patients complained that she did not return phone calls in a timely manner; 2) an audit revealed incomplete documentation in eighty percent of Plaintiff's patient records; 3) Plaintiff was disorganized in presenting information on potential transplant donors; 4) a patient complained about Plaintiff's poor communication skills prior to organ donation surgery; and 5) physicians voiced concerns about Plaintiff's clinical practice, critical thinking, and judgment.  Except as specifically admitted herein, Defendants deny the allegations contained in Paragraph 13 of the Petition.

14.     Defendants admit the allegations contained in Paragraph 14 of the Petition.

15.     Defendants admit the allegations contained in Paragraph 15 of the Petition.

16.     Defendants deny the allegations contained in Paragraph 16 of the Petition.

17.     Defendants deny the allegations contained in Paragraph 17 of the Petition.

18.     Defendants deny the allegations contained in Paragraph 18 of the Petition.

19.     Defendants admit that on or about May 31, 2013, Plaintiff was issued a final written warning for reasons including, but not limited to: 1) Plaintiff failed to make progress in meeting her goals for increasing patient evaluations and living donors, which had been communicated to Plaintiff in March 2013 and prior; 2) Plaintiff continued to demonstrate unfamiliarity with where patients/potential living donors were in the referral process for becoming a living donor; 3) Plaintiff continued to demonstrate a general lack of understanding of her clinical responsibilities; and 4) patients continued to complaint about Plaintiff's communication failures.  Except as specifically admitted herein, Defendants deny the allegations contained in Paragraph 19 of the Petition.

20. Defendants deny the allegations contained in Paragraph 20 of the Petition as stated.

21. Defendants admit that after Plaintiff received a Final Written Warning concerning her job performance, Plaintiff met with Williams to discuss her job.

22. Defendants deny the allegations contained in Paragraph 22 of the Petition.

23. Defendants admit the allegations contained in Paragraph 23 of the Petition.

24. Defendants deny the allegations contained in Paragraph 24 of the Petition.

25. Defendants deny the allegations contained in Paragraph 25 of the Petition.

26. Defendants deny the allegations contained in Paragraph 26 of the Petition.

27. Defendants deny the allegations contained in Paragraph 27 of the Petition.

28. Defendants deny the allegations contained in Paragraph 28 of the Petition.

29. Defendants deny the allegations contained in Paragraph 29 of the Petition.

30. Defendants admit the allegations contained in Paragraph 30 of the Petition.

31. Defendants admit the allegations contained in Paragraph 31 of the Petition.

32. Defendants admit the allegations contained in Paragraph 32 of the Petition.

33. Defendants admit the allegations contained in Paragraph 33 of the Petition.

34. Defendants deny the allegations contained in Paragraph 34 of the Petition.

35. Defendants deny the allegations contained in Paragraph 35 of the Petition.

36. Defendants deny the allegations contained in Paragraph 36 of the Petition.

37. Defendants deny the allegations contained in Paragraph 37 of the Petition.

38. Defendants deny the allegations contained in Paragraph 38 of the Petition as stated.

39. Defendants deny the allegations contained in Paragraph 39 of the Petition as stated.

40. Defendants deny the allegations contained in Paragraph 40 of the Petition as stated.

41. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 41 of the Petition and, therefore, deny the same.

42. Defendants admit that Plaintiff's employment with UKHA was terminated on or about June 21, 2013. Defendants specifically deny that Plaintiff's termination was related in any way to FMLA leave, Plaintiff's race, or any other protected category, and deny any remaining allegations contained in Paragraph 42 of the Petition.

43. Defendants admit that the Corrective Action Form relating to Plaintiff's termination noted Plaintiff's continued failure to meet UKHA's expectation that she deliver safe, appropriate, effective, and timely care to patients/transplant candidates and that Plaintiff's failure to meet UKHA's expectations had resulted in previous disciplinary action, after which Plaintiff failed to improve her job performance. Except as specifically admitted herein, Defendants deny the remaining allegations contained in Paragraph 43 of Plaintiff's Petition.

44. Defendants admit that the Corrective Action Form relating to Plaintiff's termination and memorializing Plaintiff's continuing failure to deliver safe, appropriate, effective, and timely care to patients/transplant candidates noted that three complaints about Plaintiff were made to UKHA in June 2013. Except as specifically admitted herein, Defendants deny the remaining allegations contained in Paragraph 44 of Plaintiff's Petition.

45. Defendants admit that the Corrective Action Form relating to Plaintiff's termination and memorializing Plaintiff's continuing failure to deliver safe, appropriate, effective, and timely care to patients/transplant candidates noted that a patient communicated a complaint about Plaintiff to UKHA on or about June 12, 2013. Except as specifically admitted

50786645.3

herein, Defendants deny the remaining allegations contained in Paragraph 45 of Plaintiff's Petition.

    46.    Defendants deny the allegations contained in Paragraph 46 of the Petition.

## COUNT I – DISCRIMINATION UNDER SECTION 1981 AGAINST ALL DEFENDANTS

    47.    Defendants reallege and incorporate by reference their responses to Paragraphs 1-46 set forth herein in response to Count I, Paragraph 47 of Plaintiff's Petition.

    48.    Defendants deny the allegations contained in Paragraph 48 of the Petition.

    49.    Defendants deny the allegations contained in Paragraph 49 of the Petition.

    50.    Defendants deny the allegations contained in Paragraph 50 of the Petition.

    51.    Defendants deny the allegations contained in Paragraph 51 of the Petition.

    52.    Defendants deny the allegations contained in Paragraph 52 of the Petition.

    53.    Defendants deny the allegations contained in Paragraph 53 of the Petition.

    54.    Defendants deny the allegations contained in Paragraph 54 of the Petition.

WHEREFORE Defendants deny that Plaintiff is entitled to any relief whatsoever from Defendants in this matter.  Defendants respectfully request that the Court dismiss Plaintiff's Petition with prejudice, award Defendants their reasonable attorneys' fees and costs to the extent allowed by law, and grant Defendants all other relief as is just and proper.

## COUNT II – VIOLATION OF THE FMLA AGAINST ALL DEFENDANTS

    55.    Defendants reallege and incorporate by reference their responses to Paragraphs 1-54 set forth herein in response to Count II, Paragraph 55 of Plaintiff's Petition.

    56.    Defendants deny the allegations contained in Paragraph 56 of the Petition.

    57.    Defendants deny the allegations contained in Paragraph 57 of the Petition.

50786645.3

58. Paragraph 58 of the Petition contains conclusions of law to which no answer is required. To the extent that an answer is required, Defendants admit the allegations contained in Paragraph 58 of the Petition.

59. Paragraph 59 of the Petition contains conclusions of law to which no answer is required. To the extent that an answer is required, Defendants deny the allegations contained in Paragraph 59 of the Petition.

60. Paragraph 60 of the Petition contains conclusions of law to which no answer is required. To the extent that an answer is required, Defendants deny the allegations contained in Paragraph 60 of the Petition.

61. Defendants deny the allegations contained in Paragraph 61 of the Petition.

62. Paragraph 62 of the Petition contains conclusions of law to which no answer is required. To the extent that an answer is required, Defendants generally admit the legal conclusion contained in Paragraph 62 of the Petition, but deny that Plaintiff has stated a claim upon which relief can be granted.

63. Defendants deny the allegations contained in Paragraph 63 of the Petition.

64. Defendants deny the allegations contained in Paragraph 64 of the Petition.

65. Defendants deny the allegations contained in Paragraph 65 of the Petition.

66. Defendants deny the allegations contained in Paragraph 66 of the Petition.

67. Defendants deny the allegations contained in Paragraph 67 of the Petition.

68. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 68 of the Petition and, therefore, deny the same.

69. Defendants deny the allegations contained in Paragraph 69 of the Petition.

70. Defendants deny the allegations contained in Paragraph 70 of the Petition.

50786645.3

WHEREFORE Defendants deny that Plaintiff is entitled to any relief whatsoever from Defendants in this matter. Defendants respectfully requests that the Court dismiss Plaintiff's Petition with prejudice, award Defendants their reasonable attorneys' fees and costs to the extent allowed by law, and grant Defendants all other relief as is just and proper.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

In further answer to the Plaintiff's Complaint, and as separate and distinct affirmative defenses, Defendants allege the following defenses. In asserting these defenses, Defendants do not assume the burden of proof as to matters that, as a matter of law, are Plaintiff's burden to prove.

1. Plaintiff's Petition fails in whole or in part to state a claim upon which relief may be granted.

2. Defendants deny all other allegations in Plaintiff's Petition not specifically admitted herein.

3. Defendants specifically deny each and every material allegation of Plaintiff's Petition which is not specifically admitted, regardless of paragraph number or lack thereof or paragraph letter or lack thereof.

4. Plaintiff's prayer for relief fails to the extent that Plaintiff has not mitigated her damages as required by law, and to the extent Plaintiff has mitigated her damages, Defendants are entitled to offset those amounts.

5. Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, laches, unclean hands and/or ratification.

6. Plaintiff's claims are barred in whole or in part by her failure to exhaust her administrative remedies and/or prerequisites.

7. Plaintiff has not incurred any damages for which Defendants may be lawfully held responsible.

8. Any employment decisions with respect to Plaintiff were made for lawful, nondiscriminatory and/or other legitimate business reasons, unrelated to any FMLA leave taken, any protected activity, or any other prohibited consideration, and there is no genuine issue of material fact to the contrary.

9. Plaintiff cannot demonstrate that Defendants engaged in intentional and unlawful discrimination or retaliation.

10. An award of punitive damages in this case would violate the Constitution of the United States of America and the Constitution of the State of Kansas.

11. Plaintiff's claim for award of punitive damages is barred because the alleged acts and/or omissions of Defendants, which are denied, do not evidence malicious or reckless conduct, and are not so wonton or willful so as to support an award of punitive damages.

12. Plaintiff's claims for punitive damages are barred by the *Kolstad* affirmative defense because Defendants made good-faith efforts to prevent discrimination and to comply with all applicable laws.

13. Plaintiff's claims for relief are barred because UKHA exercised reasonable care in promulgating and distributing a comprehensive equal employment and non-harassment/discrimination policy and complaint procedure, UKHA took measures to correct any alleged harassment or discrimination, and Plaintiff failed to reasonably take advantage of the corrective or preventative opportunities provided by UKHA.

14. Williams and Clites were not Plaintiff's employer.

15. Any damages sought by Plaintiff are the result of her own conduct and not attributable to Defendants.

16. Plaintiff's claims may be barred by the after-acquired evidence doctrine.

17. Plaintiff's claims for compensatory and punitive damages and other relief are subject to all applicable statutory caps and limitations.

18. Plaintiff's claims are barred by the applicable statute of limitations under federal and/or Kansas state law.

19. Plaintiff did not engage in any protected activity.

20. Defendant treated Plaintiff the same as it would any other similarly situated employee.

21. UKHA reserves the right to amend its pleadings to assert additional affirmative defenses, including the affirmative defenses set forth in Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure as such become known or are ascertained through the course of discovery.

WHEREFORE, Defendants University of Kansas Hospital Authority, Marilee Clites, and Michele Williams respectfully request that the Court dismiss Plaintiff's Petition with prejudice, award Defendants their reasonable attorneys' fees and costs, and grant Defendants all other relief as is just and proper.

Respectfully submitted,

POLSINELLI PC

By: */s/ Katharine K. Sangha*
    ERIC E. PACKEL (KS #23070)
    KATHARINE K. SANGHA (KS #26232)
    900 West 48th Place, Suite 900
    Kansas City, MO 64112
    Telephone: (816) 753-1000
    Facsimile: (816) 753-1536
    epackel@polsinelli.com
    ksangha@polsinelli.com

ATTORNEYS FOR DEFENDANTS

10

50786645.3

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2015, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to:

Patrick G. Reavey, Esq.
Kevin C. Koc, Esq.
Reavey Law LLC
Livestock Exchange Building
1600 Genessee, Suite 303
Kansas City, MO 64102
(816) 474-6300
Fax: (816) 474-6302
preavey@reaveylaw.com
kkoc@reaveylaw.com

ATTORNEYS FOR PLAINTIFF

    */s/ Katharine K. Sangha*
Attorneys for Defendants